Francis D. WINCHESTER,
Plaintiff–Appellant,

v.

David Naquin, Etc., Et AL, Defendants,

Robert MITCHELL, Individually and in his official capacity as deputy/officer St. Mary Parish Detention Center; T.J. Carinhas; Sharlene Joseph; Troy Brown; Terry Holcombe, Individually and in his official capacity as deputy/officer St. Mary Parish Detention Center; Kathy Thornton, Individually and in her official capacity as Registered Nurse St. Mary Parish Detention Center; Robert Cox, Defendants–Appellees.

No. 05–30473.
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Aug. 11, 2006.

Keith Michael Couture, Chalmette, LA, for Plaintiff–Appellant.

Freeman R. Matthews, John F. Weeks, II, Usry, Weeks & Matthews, New Orleans, LA, for Defendants–Appellees.

---

Before GARWOOD, CLEMENT and PRADO, Circuit Judges.

PER CURIAM: *

Francis D. Winchester appeals the dismissal of his suit, which alleged in pertinent part that the defendants failed to protect him from harm and were deliberately indifferent to his serious medical needs while he was incarcerated in the St. Mary Parish Detention Center. Winchester, represented by counsel below and on this appeal, does not brief any argument as to the dismissal of his claims against Warden Hebert, Sheriff Naquin, or Robert Cox or to the dismissal of the state law claims alleged in his complaint. Accordingly, any such challenge Winchester could have raised in regards to these claims is deemed to be abandoned. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993).

Winchester asserts that the district court erred by granting summary judgment as to his failure-to-protect claims against Officer Carinhas, Officer Joseph, Lieutenant Brown, Captain Holcombe, and Robert Mitchell and his deliberate indifference to his medical needs claim against Nurse Thornton. This court reviews the grant of a motion for summary judgment de novo. *Guillory v. Domtar Indus., Inc.*, 95 F.3d 1320, 1326 (5th Cir.1996).

A review of the record reveals that Winchester failed to set forth specific facts supported by competent summary judgment evidence to establish that Officer Carinhas, Officer Joseph, Lieutenant Brown, Officer Mitchell, and Captain Holcombe were deliberately indifferent to Winchester's safety or that Nurse Thornton was deliberately indifferent to Winchester's serious medical needs. *See* FED. R. CIV. P. 56; *see also Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (en banc). The record evidence conclusively establishes that there is no genuine issue of material fact. Consequently, Winchester has failed to show that the district court erred by granting the defendants' motion for summary judgment. *See Little*, 37 F.3d at 1075.**

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5 the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

** We also note that: Winchester's brief provides no citation to the record as required by FED. R. APP. P. 28(a)(7) and (9); and, that his brief cites and purports to quote from pages 37, 41, 47 and 48 of his own deposition, but none of any of such pages of that deposition are in the record (in any event, none of the matter quoted would support reversal of the judgment).